**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PETER J. LICASTRO,<br><br>                              Plaintiff,<br><br>v.<br><br>MBI PUBLISHING COMPANY, INC.<br>d/b/a MOTORBOOKS, and<br>MIKE MUELLER,<br><br>                              Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Peter J. Licastro, by and through his attorneys Thorp, Reed & Armstrong, LLP, alleges against Defendants MBI Publishing Company, Inc. d/b/a Motorbooks, and Mike Mueller as follows:

1.     This is a suit for copyright infringement under the Copyright Act, Title 17, U.S.C. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

2.     Venue is proper in this District under 28 U.S.C. § 1391 because the Plaintiff is a resident of this District, the Defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

3.     Upon a reasonable opportunity for further investigation, the Defendants are subject to personal jurisdiction in this Court because they have sufficient general, specific, systematic, and/or continuous minimum contacts with Pennsylvania to meet the requirements of due process and Pennsylvania law.

{01083113}

4.      Plaintiff Peter J. Licastro, a resident of Pennsylvania and of this District, claims and asserts the direct, indirect, vicarious, and/or contributory copyright infringement liability of each of the Defendants based upon their unlawful acts of copying, reproduction, republication, distribution, sale, and infringement of Plaintiff's copyrighted work as set forth more fully below.

5.      Upon information and belief, Defendant MBI Publishing Company, Inc. d/b/a Motorbooks ("Motorbooks"), is a corporation with a principal place of business located at 400 First Avenue North, Suite 300, Minneapolis, Minnesota 55401, which has at all relevant times engaged in the business of preparing, publishing, marketing, distributing, and selling books and related literature, including the book entitled *The Corvette Factories: Building America's Sports Car* (the "Infringing Book").

6.      Upon information and belief, Defendant Mike Mueller is an individual who resides at 3348 Freedom Landing NW, Kennesaw, Georgia 30144, who has at all relevant times engaged in the preparation, assembly, and creation of books, including the Infringing Book entitled *The Corvette Factories: Building America's Sports Car*.

7.      The acts hereinafter complained of were done with the active participation, assistance, cooperation, and acquiescence of Defendant Mueller and of individuals acting and operating on behalf of Defendant Motorbooks.

8.      Plaintiff Peter J. Licastro is the author of a published book entitled *Birthplace of Legends, The Story of Corvette Production at the St. Louis Assembly Plant 1953-1981* ("*Birthplace of Legends*").

9.      In connection with Mr. Licastro's preparation of *Birthplace of Legends*, prior to August 1993, Mr. Licastro authored a diagram of the St. Louis Corvette factory (the "Protected Diagram"), which is an original and protectable work of creative authorship.

{01083113}

10.     A copy of the Protected Diagram, as published at page 66 of *Birthplace of Legends*, is attached hereto as Exhibit A for reference.

11.     Mr. Licastro has complied in all respects with Title 17, U.S.C., and has secured the exclusive rights and privileges in and to the copyright in the Protected Diagram.

12.     *Birthplace of Legends* and the Protected Diagram have been registered with the United States Copyright Office, and Mr. Licastro has received from the Register of Copyrights Certificate of Registration number TX 3-614-325 bearing an effective date of August 9, 1993.

13.     At the times of the acts of infringement complained of herein, and at all times, Mr. Licastro was, has been, and remains the owner of the copyright in *Birthplace of Legends* and in the Protected Diagram.

14.     Defendants had access to copies of *Birthplace of Legends* and copies of the Protected Diagram at the time that they prepared, assembled, created, published, marketed, distributed, and sold the Infringing Book.

15.     At page 83 of the Infringing Book prepared by Defendant Mueller and published by Defendant Motorbooks, the Defendants included an exact duplicate and infringing copy of Mr. Licastro's Protected Diagram (the "Infringing Material").

16.     In undertaking the conduct complained of in this action, Defendant Motorbooks and Defendant Mueller have violated and infringed Mr. Licastro's rights in the Protected Diagram, including as specified under 17 U.S.C. § 501.

17.     Upon information and belief, in undertaking the conduct complained of in this action, Defendant Motorbooks and Defendant Mueller knowingly, intentionally, and willfully violated and infringed Mr. Licastro's rights in the Protected Diagram.

3

18.     The striking, substantial, and exact similarity of the Infringing Material and the Protected Diagram demonstrates that the Infringing Material is the result of the intentional copying of Mr. Licastro's Protected Diagram and his creative work product.

19.     Mr. Licastro invested substantial effort in the creation, authorship, publication, and registration of the Protected Diagram, and he has not given any permission, license, or right to Defendant Motorbooks or to Defendant Mueller to copy it into the Infringing Material and the Infringing Book.

20.     The Infringing Book directly competes in the marketplace with Mr. Licastro's *Birthplace of Legends* and would compete with any further editions or future works on the subject in which Mr. Licastro chooses to publish the Protected Diagram.

21.     As a result, the Defendants' willful infringement of Mr. Licastro's protected work directly damages his proprietary intellectual property rights and his ability to enjoy the future value of his creative Protected Diagram.

22.     Defendant Motorbooks and Defendant Mueller do not have the right to appropriate, copy, publish, or otherwise distribute and sell the Infringing Material, as it is an unlawful copy of Mr. Licastro's Protected Diagram.

23.     Defendants have been notified in writing of their acts of infringement complained of herein.

24.     Defendants continue to infringe Mr. Licastro's copyright in the Protected Diagram by continuing to publish and sell the Infringing Book in violation of the copyright, and further have engaged in unfair trade practices and unfair competition in connection with the publication and sale of the Infringing Book and Infringing Material.

{01083113}

25.    Defendant Motorbooks and of Defendant Mueller have derived substantial financial benefit from their wrongful acts and have caused and are causing great injury and monetary damage to Plaintiff Peter J. Licastro.

26.    The damage to Mr. Licastro resulting from the Defendants' unlawful acts cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, Mr. Licastro will suffer irreparable injury for which he is without any adequate remedy at law.

WHEREFORE, Plaintiff Peter J. Licastro requests:

a.    that Defendants and all persons acting under the direction, control, permission or authority of Defendants be preliminarily and permanently enjoined and restrained from the continued use, copying, publishing, publication, distribution, or sale of the Infringing Material or any infringement of Mr. Licastro's Protected Diagram, including as specified under 17 U.S.C. § 502;

b.    that Defendants and all persons acting under the direction, control, permission or authority of Defendants be preliminarily and permanently enjoined and restrained from the continued use, copying, publishing, publication, distribution, or sale of the Infringing Book, including as specified under 17 U.S.C. § 502;

c.    that Defendants and all persons acting under the direction, control, permission or authority of Defendants be ordered to provide to Plaintiff a list of all distributors, wholesales, retailers, or other persons to whom the Infringing Book has been distributed or sold and to notify and advise all such known recipients of any copies of the Infringing Book of its infringing nature, including as specified under 17 U.S.C. § 502;

d.    that Defendants and all persons acting under the direction, control, permission or authority of Defendants be ordered to destroy and dispose of any and all copies of the Infringing Book that have been published to date and ordered to destroy and dispose of any and all plates, molds, files, information, materials, or devices, whether physical or electronic, used to reproduce same, including as specified under 17 U.S.C. § 503;

e.    that Defendants and all persons acting under the direction, control, permission or authority of Defendants be ordered to provide to Plaintiff an accounting of all profits derived and sales made of the Infringing Book, including without limitation the number of copies sold, amount and basis

5

of Defendants' per copy costs, and the selling price for all sales of the Infringing Book that have been made, including as specified under 17 U.S.C. § 504;

f.    that Defendants, jointly and severally, be ordered to pay such actual damages or statutory damages as shall appear just, including as specified under 17 U.S.C. § 504;

g.    that Defendants, jointly and severally, be ordered to pay all interest, costs of this action, and reasonable attorney's fees, including as specified under 17 U.S.C. § 505; and

h.    that the Court award such other and further relief as may be just and equitable.

## JURY DEMAND

Plaintiff Peter J. Licastro hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: January 29, 2009

/s/ J. Alexander Hershey
J. Alexander Hershey
Pa. I.D. No. 84741
THORP REED & ARMSTRONG, LLP
Firm I.D. No. 282
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425
Telephone: (412) 394-2450
Fax: (412) 394-2555

*Attorneys for Plaintiffs*

6

{01083113}